[Crim. No. 2889.   Third Dist.   Apr. 20, 1959.]

THE PEOPLE, Respondent, v. ROBERT RONALD
JORDAN, Appellant.

Ted James Kukula, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, and William O. Minor, Deputy Attorney General, for Respondent.

PEEK, J.—Defendant appeals from a judgment of conviction of one count charging violation of Penal Code, section 220, and from a second count charging violation of Penal Code, section 286.

The sufficiency of the evidence is not attacked, but defendant

does contend (1) that the trial court unduly restricted his cross-examination of the prosecutrix; (2) that the court erred in admitting certain items of wearing apparel into evidence; (3) that the trial court erred in sustaining an objection to a hypothetical question asked of an expert witness on cross-examination; and (4) that the prosecuting attorney committed prejudicial misconduct.

It has long been the rule that on cross-examination great latitude should be allowed (*People* v. *Williams*, 18 Cal. 187); however the scope thereof is committed to the sound discretion of the trial court, and its rulings will not be disturbed on appeal in the absence of a clear showing of an abuse of discretion. (*People* v. *Nazworth*, 152 Cal.App.2d 790, 796 [313 P.2d 113].) The particular question asked of the prosecutrix by defense counsel related to the element of sexual connection. The situation presented was not such as where a party was completely precluded from cross-examining a witness upon a material fact. Like questions had been asked previously, and the prosecutrix had answered apparently as best she could. Furthermore it appears from the discussion of this issue in the briefs of the parties that the manner in which the question was asked was unduly embarrassing and insulting to the prosecutrix. While it is difficult to determine such matters from the cold record, if the question did fall into such category, the question as asked was likewise improper upon this ground. (Code Civ. Proc., § 2066; *Dastagir* v. *Dastagir*, 109 Cal.App.2d 809, 816 [241 P.2d 656].)

Defendant's second contention refers to the admission into evidence of certain clothing worn by the prosecutrix at the time the alleged acts were committed. It is well established that " '. . . any evidence [is admissible] which may have a tendency to illustrate or throw any light on the transaction in controversy, or give any weight in determining the issue, leaving the strength of such testimony (tendency) or the amount of such weight to be determined by the jury.' " (*People* v. *Mooney*, 177 Cal. 642, 655 [171 P. 690].) And such evidence is admissible despite its prejudicial tendency. (*People* v. *Cavanaugh*, 44 Cal.2d 252 [282 P.2d 53].)

The third contention of defendant relates to a hypothetical question asked of the doctor who examined the prosecutrix. A hypothetical question must be based upon facts shown by the evidence, and hence any question that assumes facts not in evidence is improper. (*People* v. *Wilson*, 25 Cal.2d 341 [153 P.2d 720].) In the present case the question asked

of the doctor assumed facts which were not in evidence, nor is it so contended by the defendant, and hence the objection of the prosecution was properly sustained.

It is next contended by defendant that the prosecution asked certain questions of a defense witness on cross-examination, knowing that the answers would involve hearsay statements. We find no support in the record for such contention. The witness was called by the defendant and there is no showing whatsoever that the prosecution had any knowledge of what her answers would be. In any event the jury was promptly admonished to disregard the testimony.

A further contention is that the prosecution was guilty of misconduct in deliberately attempting to place the burden of proof on the defendant. The record shows that the district attorney was merely referring to the evidence showing defendant's guilt, and that the attack had been witnessed by two persons. The trial court thoroughly and correctly instructed the jury on the question of the burden of proof.

Defendant next contends that the district attorney cast aspersions on defense counsel. Even though we assume that such comments were improper, the defendant has waived objection to them by failing to object and to request that the jury be admonished to disregard the same. Furthermore, there is no showing that such comments were prejudicial or that any prejudice resulting therefrom could not have been cured by prompt admonition by the court.

Lastly defendant attacks certain statements made by the district attorney in his final argument to the jury. It must be remembered that counsel, in his argument to the jury, is permitted a reasonable latitude in discussing the merits of the case and his views in that regard. Even if it could be said that the statements of the prosecutor were closely akin to that which might be taken as evidence, the trial court promptly admonished the jury to disregard the same. Additionally it should be noted that the jury was fully and fairly instructed on all phases of the case.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.